UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 07-41-KKC

RUSSELL B. HILL, PETITIONER,

V.   **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

TOM DAILEY, WARDEN, RESPONDENT.

I.  INTRODUCTION

On September 18, 2002, Petitioner, Russell B. Hill, was convicted in Owen Circuit Court of murder, burglary in the first degree, and wanton endangerment in the first degree, and sentenced to life imprisonment without the possibility of parole. [R. 1.]  Currently incarcerated at Luther Luckett Correctional Complex located at LaGrange, Kentucky, he filed, pro se, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction. [Id.]  In support of his petition, Petitioner argues: (1) that the verdict form supplied to jurors improperly led the jurors to believe that, if they found the existence of an aggravating factor, they must sentence him to life without parole; (2) that the prosecutor impermissibly spoke about facts not in evidence and personally vouched for the credibility of a witness; (3) that the trial court admitted evidence of other crimes when it should not have; (4) ineffective assistance of counsel at trial; and (5) ineffective assistance of counsel on direct appeal. [Id.]

Respondent filed an answer, a memorandum in support, and an appendix containing relevant portions of Petitioner's state court record. [R. 10.]  Petitioner having filed a reply [R. 12], his habeas

corpus petition [R. 1] is now ripe for review. Consistent with local practice, this matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B). For the reasons set forth below, the undersigned finds Petitioner's petition to be barred by the appropriate statute of limitations and recommends dismissal of same.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner and his wife were married in 1982 and had two children. [Id.] In 2001, Petitioner's wife renewed her friendship with a man named Paul Sharon that eventually turned romantic. [Id.] When Petitioner, an over-the-road truck driver found out about his wife's indiscretions, he confronted her and her boyfriend, Sharon, on several occasions. [Id.] On February 23, 2001, Petitioner, distraught over his wife's unwillingness to end her relationship with Paul Sharon, began drinking. [Id.] After consuming "four or five beers," Petitioner drove to Sharon's house, where his wife had gone to play cards. [Id.] After observing his wife and Sharon kissing outside Sharon's house, Petitioner entered that house armed with an AK-47 assault rifle, where he shot and killed Sharon. [Id.] Petitioner was convicted in Owen Circuit Court of murder, burglary in the first degree, and wanton endangerment in the first degree. [R. 10, Exh. 3.]

On May 20, 2004, the Supreme Court of Kentucky affirmed Petitioner's convictions in an unpublished decision. [R. 10, Exh. 3.] Petitioner took no further action regarding his conviction until June 23, 2005, when he filed a collateral attack in Owen Circuit Court. [Id.] Review of his collateral attack was concluded on October 8, 2006. [Id.]

On June 18, 2007, Petitioner filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. [R. 1.] On August 17, 2007, Respondent filed an answer [R. 10], as well as a memorandum in support with an attached appendix containing the relevant portion Petitioner's state

2

court record. Petitioner filed his reply on September 14, 2007. [R. 12.] Thus, fully briefed, Petitioner's petition [R. 1] is now ripe for review.

### III. STANDARD OF REVIEW

A. Exhaustion of State Remedies and Procedural Default

A state prisoner challenging the constitutionality of his conviction by seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must first exhaust his available state court remedies by presenting his claims to the state courts, so as to provide those courts with an opportunity to remedy any constitutional infirmities in his conviction. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994); 28 U.S.C. § 2254(b). It is the petitioner's burden to prove exhaustion. Rust, 17 F.3d at 160 (citing Darr v. Burford, 339 U.S. 200, 218-19 (1950)). The exhaustion requirement is satisfied when the highest court in the state in which a petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims. Id. In discussing when a claim is properly considered exhausted, the Sixth Circuit has instructed as follows:

> A petitioner must "fairly present" the substance of each of his federal constitutional claims to the state courts before the federal courts will address them. A petitioner "fairly presents" his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. The factual and theoretical substance of a claim must be presented to the state courts to render it exhausted for federal habeas corpus purposes.

Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam) (citations and some internal quotation marks omitted). Additionally, as the Sixth Circuit explained in Rust:

> Exhaustion is a problem only if the state still provides a remedy for the habeas petitioner to pursue, thus providing the state courts an opportunity to correct a constitutionally infirm state court conviction. If no remedy exists, and the substance of a claim has not been presented to the state courts, no exhaustion problem exists; rather it is a problem of determining whether cause and prejudice exist to excuse the

failure to present the claim in state courts.

17 F.3d at 160.

It is noted that Petitioner properly exhausted all available state remedies regarding the claims presented in this petition. All of his claims have been adjudicated either on direct appeal or in his collateral attack. [R. 1, R. 10, Exhs. 3 & 7.]

### B. Antiterrorism and Effective Death Penalty Act of 1996

Petitioner filed his petition herein on June 18, 2007. [R. 1.] The petition is therefore subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, Tit. I, § 101 (1996), which became effective on April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 336 (1997) (AEDPA's provisions "generally apply . . . to cases filed after the Act became effective"). AEDPA amended 28 U.S.C. § 2254(d), which now directs, in relevant part, that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . .

28 U.S.C. § 2254(d).

In an attempt to clarify the above standard, the Supreme Court of the United States, in Williams v. Taylor, 529 U.S. 362 (2000), directed as follows:

> Under the "contrary to" clause [of 28 U.S.C. § 2254(d)(1)], a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

4

529 U.S. at 412-413.

The Court further instructed that "[u]nder § 2254(d)(1)'s 'unreasonable application' clause ... a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id.

## IV. ANALYSIS

### A. Statute of Limitations

Respondent argues that Petitioner's petition should be dismissed due to the expiration of the applicable statute of limitations. It is clear that Petitioner has failed to file his habeas corpus petition in a timely manner.

The applicable statute, 28 U.S.C. § 2244(d)(1)(A), states in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of – (A) the date on which the judgment became final by the conclusion of *direct* review or the expiration of the time for seeking such review. . .

28 U.S.C. § 2244(d)(1)(A) (emphasis added). The statute includes other circumstances whereby the date upon which the time period begins to run may be later, but Petitioner does not argue that any of these conditions exists. [R. 1.]

Petitioner's direct appeal was decided on May 20, 2004. [R. 10, Exh. 3.] On May 21, 2004, the ninety-day period during which Petitioner could file for a writ of certiorari with the Supreme Court began to run. See Bronaugh v. Ohio, 235 F.3d 280, 284-85 (6th Cir. 2000) (holding that the day of filing a petition counts in computing the timeliness, but the not the day a state court decision

5

is entered.). Petitioner declined to file for such a writ and thus, on August 21, 2004, the applicable statute of limitations as it concerns a federal habeas corpus petition began to run. *See* Lawrence v. Florida, 127 S. Ct. 1079, 1083-84 (2007) (holding that the ninety days allowed to file for a writ of certiorari after direct appeal *does* toll the AEDPA statute of limitations, but the ninety days to file for such a writ after state post conviction proceedings *does not* toll the statute of limitations.)

Petitioner took no action that would toll the statute of limitations between August 21, 2004, and the filing of his collateral attack in state court on June 23, 2005. As a result, 306 days passed out of the 365 Petitioner was allotted for filing a federal habeas corpus petition. Petitioner's collateral attack in state court was finally adjudicated on October 8, 2006 – thirty days after the state court of appeals denied relief. [R. 10.] Petitioner's one-year statute of limitations for filing a habeas petition began to run once again, on October 9, 2006. At this point, Petitioner had 59 days in which to file his petition. As a result, December 6, 2006, was the last day on which Petitioner could have filed his habeas corpus petition. As both parties agree, and are correct in arguing, the earliest date Petitioner could be considered to have filed his petition is June 11, 2007 - the day Petitioner states he placed his petition in the prison mail system. *See* Towns v. U.S., 190 F.3d 468, 469 (6th Cir. 1999). Thus, Petitioner's petition was filed 217 days late and was clearly filed in an untimely fashion.

## V. CONCLUSION

Accordingly, and for the reasons stated above, it is hereby recommended that Petitioner's petition [R. 1] be denied and this action be dismissed with prejudice.

Specific objections to this Report and Recommendation must be filed within ten (10) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d

6

628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Rule 72(b), Fed. R. Civ. P.

Signed January 14, 2008.

Signed By:
*Edward B. Atkins* EBA
United States Magistrate Judge