UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT FRANKFORT

CIVIL ACTION NO. 3:07-41-KKC

RUSSELL B. HILL,                                                    PETITIONER

v.                               **OPINION AND ORDER**

TOM DAILEY, WARDEN,                                                RESPONDENT

* * * * * * * *

This matter is before the Court on Petitioner Russell B. Hill's pro se petition under 28

U.S.C. § 2254 for a writ of habeas corpus [R. 1]; the Magistrate Judge's Report and

Recommendation recommending that the petition be denied [R. 13]; and Petitioner's Objections

to the Report and Recommendation [R. 14].

Pursuant to 28 U.S.C. § 636(b)(1), the Court must make a *de novo* determination of the

Report and Recommendation to the extent a party objects to it.  For the reasons stated below,

Petitioner's Objections are **OVERRULED**, the Report and Recommendation is **ADOPTED** as

the Opinion of the Court, and Petitioner's petition for a writ of habeas corpus is **DENIED**.

**I.      Background**

On February 23, 2001, Petitioner Russell B. Hill allegedly became intoxicated, then drove

to the home of Paul Sharon, his wife's lover.  Upon observing Petitioner's wife and Sharon

kissing, Petitioner entered Sharon's home carrying an AK-47 assault rifle and proceeded to shoot

and kill Sharon.  Petitioner was convicted of murder, burglary in the first degree, and wanton

endangerment in the first degree by the Owen Circuit Court on September 18, 2002.  This

conviction was affirmed by the Supreme Court of Kentucky on May 20, 2004.  On June 23,

2005, Petitioner filed a collateral attack in Owen Circuit Court.  Review of this collateral attack

was concluded on October 8, 2006.

Petitioner filed his habeas corpus petition on June 18, 2007.  In support of his petition,

Petitioner argued: (1) that the verdict form supplied to jurors improperly led the jurors to believe

that, if they found the existence of an aggravating factor, they must sentence him to life without

parole; (2) that the prosecutor impermissibly spoke about facts not in evidence and personally

vouched for the credibility of a witness; (3) that the trial court admitted evidence of other crimes

when it should not have; (4) ineffective assistance of counsel at trial; and (5) ineffective

assistance of counsel on direct appeal.  Respondent argued in response that Petitioner's habeas

corpus petition should be dismissed because Petitioner failed to file his petition within the one-

year statute of limitations imposed by 28 U.S.C. § 2244(d)(1)(A).  This statute states that:

> A 1-year period of limitations shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of—(A) the date on which the judgment
> became final by the conclusion of direct review or the expiration of the time for
> seeking such review . . . .

28 U.S.C. § 2244(d)(1)(A).

The Magistrate Judge agreed with Respondent, and recommended that this Court dismiss

Petitioner's habeas petition as being in violation of the one-year statute of limitations.  The

Magistrate Judge determined that the statute of limitations began running on August 21, 2004, as

this constituted the end of the ninety-day period during which Petitioner could file for a writ of

certiorari with the United States Supreme Court to review his conviction.  The Magistrate Judge

then determined that the running of the statute of limitations was tolled from June 23, 2005

through October 8, 2006, the period of time during which Petitioner's collateral attack was filed

and reviewed.  Thus, the statute of limitations resumed running on October 9, 2006, and expired

on December 6, 2006, well before Petitioner filed his habeas petition on June 18, 2007.  The

Magistrate Judge therefore concluded that Petitioner's petition for a writ of habeas corpus is

time-barred by 28 U.S.C. § 2244(d)(1)(A), and recommended its dismissal.

On January 24, 2008, Petitioner filed his Objections to the Report and Recommendation.

Petitioner does not further contest the Magistrate Judge's conclusion that the habeas corpus

petition was filed past the deadline imposed by the statute of limitations.  Instead, Petitioner

solely argues that the habeas corpus statute of limitations violates the First Amendment and

Suspension Clause of the United States Constitution, and should be declared unconstitutional.

The Court will address these arguments below.

## II.     Analysis

Petitioner argues that the one-year statute of limitations for habeas corpus petitions, as

established by 28 U.S.C. § 2244(d)(1)(A), violates the United States Constitution.  According to

Petitioner, this statute of limitations constitutes an unconstitutional abridgement of the First

Amendment right to petition the government for a redress of grievances.  *See* U.S. CONST.,

amend. I ("Congress shall make no law . . . abridging the right of the people . . . to petition the

government for a redress of grievances.").  Petitioner also implies that this habeas corpus statute

of limitations violates the Suspension Clause of the United States Constitution.  *See* U.S.

CONST., art. I, § 9, cl. 2 ("The Privilege of the Writ of Habeas Corpus shall not be suspended,

unless when in Case of Rebellion or Invasion the public Safety may require it.").

The Court rejects these assertions.  It is clear that this one-year statute of limitations, a

procedural limitation on the availability of habeas corpus relief, violates neither the First

3

Amendment's Petition Clause nor Article I's Suspension Clause.  The United States Supreme

Court in *Felker v. Turpin*, 518 U.S. 651 (1996), considered a similar challenge to another

procedural limitation of the habeas corpus act, the limits on successive habeas petitions codified

in 28 U.S.C. § 2244(b)(3)(E) ("The grant or denial of an authorization by a court of appeals to

file a second or successive application shall not be appealable and shall not be the subject of a

petition for rehearing or for a writ of certiorari.").  Although these limitations did affect the

standards for granting habeas corpus relief, the Court held that these limits did not preclude the

granting of such relief.  *See Felker*, 518 U.S. at 654.  The procedural limitations, therefore, were

not unconstitutional.

The Court specifically addressed the issue of whether the habeas procedural limitation

"suspended" habeas corpus in violation of the Suspension Clause of Article I of the Constitution.

The Court explained that the writ of habeas corpus, as it existed at the time of the first Congress

in 1789, was a far more restricted and less expansive form of relief than is it is now.  *Id.* at 663-

64.  Nevertheless, the Court assumed that the Suspension Clause was referring to habeas relief as

it presently exists, rather than in its historically restricted form, *id.*, and held that the above

procedural limits on the filing of successive habeas corpus petitions did not amount to a

suspension of the writ.  *Id.* at 664.  In so holding, the Court noted that "'the power to award the

writ [of habeas corpus] by any courts of the United States, must be given by written law.'" *Id.*

(quoting *Ex parte Bollman*, 8 U.S. (4 Cranch) 75, 94 (1807)).  Additionally, the Court "likewise

recognized that judgments about the proper scope of the writ are 'normally for Congress to

make.'" *Id.* (quoting *Lonchar v. Thomas*, 517 U.S. 314, 323 (1996)).  The Court considered this

limitation on successive habeas petitions to be a guard against "abuse of the writ," the doctrine of

4

which is governed by "'a complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions.'" *Id.* (quoting *McCleskey v. Zant*, 499 U.S. 467, 489 (1991)).

Although addressing a different provision of the habeas corpus act than the one Petitioner is attacking, *Felker* severely undercuts Petitioner's central argument that Congress has no right to limit the availability of habeas corpus relief; that courts have the inherent ability to hear habeas claims without legislative restriction.  Instead, the Court affirmed Congress's power to limit habeas relief and to prescribe the circumstances under which courts are allowed to grant it.  *See id.* at 663-64.  This conclusion directly undermines Petitioner's opposing theory of habeas relief, namely, that "freedom of equity procedure" and "substantial justice, promptly administered" are the proper guidelines for a court's decision on whether to grant a habeas corpus petition.  *See* Objections to Report and Recommendation, at 2.[1]  The Supreme Court's statements about Congress's ability to limit the scope of habeas relief apply just as readily to the federal habeas statute of limitations in 28 U.S.C. § 2244(d)(1)(A), which Petitioner challenges, as they do to the limits on successive petitions contained in 28 U.S.C. § 2244(b)(3)(E), which the Supreme Court upheld.

Moreover, the Sixth Circuit Court of Appeals has also spoken favorably on the subject of the habeas corpus statute of limitations.  In *Cooey v. Strickland*, 479 F.3d 412, 420-21 (6th Cir. 2007), the Court stated that the "one-year limitation period 'quite plainly serves the well-

_____

[1] Petitioner's choice of words in expressing this argument, "freedom of equity procedure" and "substantial justice, promptly administered," derives from the Supreme Court case of *Storti v. Massachusetts*, 183 U.S. 138, 143 (1901).  These words are how the Court chose to interpret the habeas statute now codified at 28 U.S.C. § 2243, which reads, "The court shall . . . dispose of the matter as law and justice require."  It is enough to say that this statute's equitable reach, however far it may go, was modified by the subsequent passage of the procedural limitations contained in 28 U.S.C. § 2244 and the Supreme Court's upholding of this statute in *Felker v. Turpin*.

recognized interest in the finality of state-court judgments . . . [and] reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review.'" *Id.* (quoting *Duncan v. Walker*, 533 U.S. 167, 179 (2001)).  Although *Cooey* was not directly reviewing a constitutional challenge to the federal habeas statute of limitations, the Court of Appeals' reasoning on the validity of the statute of limitations is quite applicable to this Court's decision nonetheless.  It is also worth noting that the Sixth Circuit is not alone in holding this positive view of the habeas corpus statute of limitations. *See Acosta v. Artuz*, 221 F.3d 117 (2d Cir. 2000) ("The AEDPA [federal habeas corpus] statute of limitations promotes judicial efficiency and conservation of judicial resources, safeguards the accuracy of state court judgments by requiring resolution of constitutional questions while the record is fresh, and lends finality to state court judgments within a reasonable time.").

The specific constitutional challenge that Petitioner lodges against the habeas statute of limitations, that it violates the Petition Clause of the First Amendment, has apparently not yet been addressed in this circuit.  The only court that has clearly addressed this question is the District Court for the Western District of Texas, in the case of *Lamkin v. Cockrell*, 2003 U.S. Dist. LEXIS 17111 (W.D. Tex. 2003).  In *Lamkin*, the district court held that the statute of limitations does not violate the First Amendment's Petition Clause.  The court determined this by considering the Fifth Circuit Court of Appeals' decision of *Graham v. Johnson*, 168 F.3d 762 (5th Cir. 1999), a decision which upheld the habeas corpus act against challenges under the Fifth, Eighth, and Fourteenth Amendments.  *Lamkin*, 2003 U.S. Dist. LEXIS 17111, at *4.

The *Graham* Court explained that "a procedural limitation 'is not subject to proscription under the Due Process Clause unless it offends some principle of justice so rooted in the

6

traditions and conscience of our people as to be ranked as fundamental.'" *Graham*, 168 F.3d at

787 (quoting *Medina v. California*, 505 U.S. 437, 445 (1992)).  The Supreme Court, in *Felker v.*

*Turpin*, had earlier pointed out that the writ of habeas corpus has originally been promulgated by

the first Congress as a much more restricted form of relief than it exists today.  As such, reasoned

the *Graham* Court, "the Framers could not have viewed the availability of habeas relief . . . as 'so

rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Id.*

(citation removed).  The procedural limitations imposed by the federal habeas corpus act thus

could not violate the Due Process Clause.  Even if it were further assumed that the now-

expansive form of habeas relief should now be deemed to be "fundamental," reasoned the

*Graham* Court, "AEDPA's [the habeas act's] restrictions on successive applications fall within

Congress and the courts' traditional power to limit abuses of the writ."  *Id.* at 787-88.

　　　　The district court in *Lamkin* applied the *Graham* Court's Due Process Clause reasoning to

the First Amendment Petition Clause challenge to the habeas statute of limitations, and upheld

the statute of limitations against the challenge.  "This same reasoning would apply to petitioner's

claims under the First Amendment, and accordingly Petitioner's objection that the AEDPA's

[habeas statute's] limitations period is unconstitutional is overruled."  *Lamkin*, 2003 U.S. Dist.

LEXIS 17111, at *5-6.  Although the holdings in *Lamkin* and *Graham* are not binding on this

Court's decision, the Court agrees with the reasoning employed by these courts and chooses to

adopt it for purposes of this matter.  As such, the Court holds that the statute of limitations

codified at 28 U.S.C. § 2244(d)(1)(A) does not violate the Petition Clause of the First

Amendment.  This objection is without merit.

　　　　Petitioner also appears to claim that the habeas statute of limitations violates the

Suspension Clause of Article I, section nine, clause two of the Constitution. *See* Objections to Report and Recommendation, at 4-5 ("In examining the merits of Petitioner's instant issue it is imperative to recall that Article I, § 9, Clause 2 of the United States Constitution expressly provides that 'The privilege of the Writ of Habeas Corpus **shall not** be suspended, **unless** when in cases of Rebellion or Invasion the public safety may require it.' Petitioner requests this Court to accept all Articles of the United States Constitution in the spirit and intent which the Framers intended and stand fast against any encroachment upon such inherent, inalienable protections."). Unfortunately for Petitioner, this particular argument has been rejected by the Sixth Circuit Court of Appeals, as well as by every other court that has considered the issue. *See Saylor v. Mack*, 27 Fed. Appx. 321 (6th Cir. 2001) (28 U.S.C. § 2244(d)(1)(A) statute of limitations is not an unconstitutional suspension of the writ of habeas corpus, thus, it does not violate the Suspension Clause); *see also Wyzykowski v. Dept. of Corr.*, 226 F.3d 1213 (11th Cir. 2000) (same); *Ludicore v. N.Y. State Div. of Parole*, 209 F.3d 107 (2d Cir. 2000) (same); *Molo v. Johnson*, 207 F.3d 773 (5th Cir. 2000) (same); *Miller v. Marr*, 141 F.3d 976 (10th Cir. 1998) (same). Therefore, the Court must hold that the habeas corpus statute of limitations, 28 U.S.C. § 2244(d)(1)(A), does not violate the Suspension Clause of Article I. This objection is without merit.

For the reasons given above, the Court hereby **ORDERS** as follows:

1.   The Petitioner's Objections [R. 14] to the Magistrate Judge's Report and Recommendation are **OVERRULED**;

2.   The Magistrate Judge's Report and Recommendation [R. 13] is **ADOPTED** as the Opinion of the Court;

3.   The Petitioner's Petition for a Writ of Habeas Corpus is **DENIED**; and

4.      This matter is hereby stricken from the Court's active docket.

Dated this 29th day of February, 2008.

**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**