UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 3:07-41-KKC

RUSSELL B. HILL,                                                                                    PETITIONER

v.                                             **OPINION AND ORDER**

TOM DAILEY,
*Warden*,                                                                                              RESPONDENT

\* \* \* \* \* \* \* \*

On February 29, 2008, this Court issued an Opinion and Order [R. 15] adopting the Report and Recommendation of the Magistrate Judge [R. 13] and denying Petitioner Russell B. Hill's petition for a writ of habeas corpus [R. 1]. In response, Petitioner filed a Notice of Appeal [R. 16] of the Court's February 29 Opinion and Order, as well as the Report and Recommendation, to the United States Court of Appeals for the Sixth Circuit. Since Petitioner has filed a Notice of Appeal, the Court must determine whether a Certificate of Appealability should be issued. Accordingly, the Court believes that a Certificate of Appealability should not be issued in this case.

A Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Though the Petitioner has filed a Notice of Appeal, he has not made a separate motion to this Court for it to grant a Certificate of Appealability. Under Sixth Circuit precedent, however, a District Court is required to decide whether to issue a Certificate of Appealability to a habeas petitioner once the Notice of Appeal is filed, even

without an accompanying motion for the Certificate of Appealability.

> Therefore, we reject as unpersuasive the district judge's arguments in support of his policy 'to decide whether to issue a COA [Certificate of Appealability] only after a petitioner moves for such relief.' Rule 22(b)(1) requires that the district court issue or deny a COA in accordance with the principles of 28 U.S.C. § 2253(c)(2) and (3) once the petitioner has filed a notice of appeal.

*Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002); *see also id.* ("Thus the structure of Rule 22(b) clearly contemplates the decision on issuance of COAs by both district and court of appeals judges in circumstances where the applicant for a writ of habeas corpus has not filed a motion for COA.").

Since no motion for a Certificate of Appealability has been filed, and no specifics are laid out in Petitioner's Notice of Appeal, the Court cannot know the grounds on which Petitioner challenges the Court's denial of his habeas corpus petition. As such, the Court will treat every legal ground in its habeas corpus denial Order as effectively challenged by Petitioner, and determine whether any of these grounds meets the requisite standard for issuing a Certificate of Appealabililty.

For the reasons stated in the Report and Recommendation, and for the additional reasons stated in the Court's Opinion and Order of February 29, 2008, no reasonable jurist would find this Court's assessment of the Petitioner's Constitutional claims debatable or wrong. Accordingly, it is **HEREBY ORDERED** that a Certificate of Appealability **SHALL NOT BE ISSUED IN THIS ACTION.**

Dated this 29th day of April, 2008.



**Signed By:**
*Karen K. Caldwell*
**United States District Judge**